UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | CR 05-1046(D)  DSF | | Date | August 27, 2007 |
|---|---|---|---|---|

| Present: The Honorable | DALE S. FISCHER, UNITED STATES DISTRICT JUDGE |
|---|---|
| Interpreter | N/A |

| PAUL PIERSON | NOT PRESENT | DANIEL SAUNDERS<br>KEVIN LALLY<br>(NOT PRESENT) |
|---|---|---|
| *Deputy Clerk* | *Court Reporter* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| 1) ANTHONY PELLICANO | NOT | X | | 1) STEVEN F. GRUEL and MICHAEL ARTAN | NOT | | X |
| 2) MARK ARNESON | NOT | | X | 2) STEPHEN MILLER and CHAD HUMMEL | NOT | | X |
| 3) RAYMOND EARL TURNER | NOT | | X | 3) MONA SOO HOO | NOT | | X |
| 4) KEVIN KACHIKIAN | NOT | | X | 4) DAVID ELDER | NOT | | X |
| 6) ABNER NICHERIE | NOT | | X | 6) LAWRENCE SEMENZA | NOT | | X |
| 8) TERRY CHRISTENSEN | NOT | | X | 8) TERREE BOWERS | NOT | | X |

| (IN CHAMBERS) | ORDER GRANTING NON-PARTY JOURNALIST JOHN CONNOLLY'S MOTION TO QUASH SUBPOENA DUCES TECUM AND FOR PROTECTIVE ORDER;  ORDER  DENYING APPLICATION TO FILE SUPPLEMENTAL DECLARATION OF STEVEN GRUEL UNDER SEAL, EX PARTE AND IN CAMERA |
|---|---|

**Proceedings:**

## INTRODUCTION

On about July 17, 2007, Defendant Anthony Pellicano, through his counsel Steven F. Gruel, served a subpoena duces tecum ("SDT") on Verizon, which commanded Verizon to appear in this Court on July 31, 2007 and to produce the following documents:

Any and all records for the number (212) 288-xxxx, from 6/1/02 to 12/31/02, including

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

but not limited to the following:

1. Subscriber Information and Invoice Information - any and all associated names, telephone numbers, addresses and account numbers.

2. Toll Records and Call Detail - including date, length of calls, outgoing calls, incoming calls, numbers called, and numbers calling, for all names, numbers, and accounts associated with the number listed above.

The following language was added to the SDT:

VOLUNTARY AND EARLY COMPLIANCE MAY BE MADE TO THE FOLLOWING ADDRESS AND WILL NOT REQUIRE A COURT APPEARANCE: Steven F. Gruel, Esq., 655 Montgomery Street, Suite 1700, San Francisco, California 94111, (415) 989-1253.

The number for which information is sought is the home telephone number of John Connolly, who describes himself as "a New York based investigative journalist." Mr. Gruel made no attempt to obtain the information from Mr. Connolly and gave no notice to Mr. Connolly that his records were being sought. Verizon wrote Mr. Connolly stating that it would produce the records in the absence of a court order directing otherwise. During discussions with Mr. Connolly's counsel, Kelli Sager, Mr. Gruel offered to narrow the documents requested – but refused to explain to Ms. Sager the basis for the SDT, asserting that he need not reveal his "trial strategy."

Mr. Connolly asks this Court to quash the SDT because (1) the subpoena is not proper under Rule 17(c) of the Federal Rules of Criminal Procedure and United States v. Nixon, 418 U.S. 683 (1974), (2) the SDT constitutes an invasion of Mr. Connolly's right to privacy, and (3) disclosure would violate Mr. Connolly's First Amendment protection against compelled disclosure of unpublished or source information. The Court has received an Opposition and Declaration of Steven F. Gruel, as well as an Application by Anthony Pellicano to File Supplemental Declaration of Steven F. Gruel Under Seal, Ex Parte and In Camera. The Supplemental Declaration purports to supply the justification for the SDT.

For the reasons discussed below, the Court grants the motion to quash, and denies the application to file the Supplemental Declaration under seal.

**ANALYSIS**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

## Legal Standard for Subpoenas

Mr. Pellicano's right to obtain documentary evidence derives from the Sixth Amendment to the United States Constitution and Rule 17(c) of the Federal Rules of Criminal Procedure. Rule 17(c) provides: "A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them." Rule 17(c) was not intended as a discovery device. Rather, its purpose is to "expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials." United States v. Nixon, 418 U.S. at 698-99 (citation omitted). Pretrial production of documents may be proper if the subpoenaing party shows:

(1) that the documents are evidentiary and relevent [sic]; (2) that they are not otherwise procurable reasonably in advance of trial by the exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

Id. at 699-700 (footnote omitted).

It is not clear that a Rule 17(c) subpoena can be obtained ex parte. See United States v. Hang, 75 F.3d 1275, 1281-82 (8th Cir. 1996) (finding the ex parte approach permissible)[1]; United States v. Fox, 275 F. Supp. 2d 1006, 1010-12 (D. Neb. 2003) (listing numerous district court decisions on both sides of the issue); compare Rule 17(b) (expressly providing for ex parte applications for service of a trial subpoena on a witness) with Rule 17(c) (which does not contain the ex parte language).

---

[1] The Eighth Circuit relied, at least in part, on language that no longer appears in the Rule. The change, however, was not intended to be substantive.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

### Application to File Supplemental Declaration Under Seal

The Application's only justification for the "under seal" filing is: "The Supplemental Declaration contains information setting forth defense strategies to explain why the defense subpoenaed certain telephone records." The Supplemental Declaration itself provides no further explanation.

In addition to setting forth details in support of the SDT, the Supplemental Declaration provides a summary of the reasons the defense served the SDT. If the Court's recollection is correct, all or most of this information, and Mr. Gruel's views concerning it, already appear in public filings. In fact, Mr. Gruel notes that his position has been stated in prior pleadings. Such information and the "argument" that accompanies it are not properly filed under seal. Mr. Gruel also purports to explain why there is no alternative method to obtain the information sought by the SDT. Presumably, Mr. Gruel submits this information to address Mr. Connolly's argument that, before a journalist's records may be subpoenaed, a showing must be made that there are no alternative means to obtain the information. The Court finds the purported showing unconvincing even in the absence of rebuttal.[2] If the Court were preliminarily to find the showing adequate, Mr. Connolly would certainly be entitled to an opportunity to supply contrary evidence or argument.

As noted, it is not clear that such an SDT can be obtained – even initially – based on an ex parte showing. There is no authority presented to the Court to suggest that a non-party moving to quash a subpoena for his personal records can be hampered in his attempts to do so by a claim of "trial strategy." Considering the circumstances, the Court finds it inappropriate to allow the under seal filing of the alleged justification for the SDT. The Application is denied.

### The SDT Fails to Meet the Requirements of <u>United States v. Nixon</u>

The SDT seeks some of Mr. Connolly's personal information and all of his home telephone records for a seven-month period. The Opposition explains:

> The defense is preparing pretrial motions that contest the prosecution's methods in investigating its case. These motions will seek to suppress evidence as well as request the dismissal of the government's charges. The telephone records at issue are material to the preparation of these motions.

---

[2] The Court declines Mr. Gruel's offer to provide further information in camera.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

In his publicly-filed Declaration, Mr. Gruel asserts that what he really needs is information that he "believe[s] [is] necessary in [his] good faith investigation" concerning certain persons "who are directly related to the Pellicano case." Based on this statement, the breadth of the information sought, and the explanation given for the request, the SDT appears to be a discovery device, rather than a means of obtaining specific admissible evidence.[3]

Moreover, in light of Mr. Gruel's explanation, it is clear that the SDT is not sufficiently specific. Indeed, the Court would quash the SDT even if it sought only the information pertaining to the names provided to Mr. Connolly's counsel and described in the Supplemental Declaration.[4] A party seeking to use a Rule 17(c) subpoena must show (1) relevancy, (2) admissibility, and (3) specificity. United States v. Nixon, 418 U.S. at 700; United States v. Eden, 659 F.2d 1376, 1381 (9th Cir. 1981). Mr Pellicano has shown none of these. The Supplemental Declaration fails even arguably to provide a connection between the stated purpose of the SDT and more than a few of the fourteen names provided. Some of the names are not even mentioned in the Supplemental Declaration, and are not otherwise familiar to the Court. In any event, the Supplemental Declaration appears to describe Mr. Gruel's hopes of what he might find, rather than any real evidence that the information is contained in the subpoenaed documents – or will support Mr. Pellicano's claims. The information provided in the Supplemental Declaration would not be sufficient to make the required showing. The Court finds that Mr. Pellicano has failed to establish that the SDT is anything more than the type of "fishing expedition" prohibited by United States v. Nixon.

The SDT is quashed and Verizon is ordered not to comply with the SDT. Counsel for Mr. Pellicano are ordered not to subpoena any further records pertaining to Mr. Connolly without notice to Mr. Connolly's counsel and an order of this Court.

### Privacy Rights and First Amendment Protection

Because the SDT must be quashed for the reasons described above, the Court need not address these issues.

### Request for Attorneys' Fees

---

[3] The Court assumes for this purpose that a Rule 17(c) subpoena may be issued to obtain evidence for use at a pretrial motion, though this is not entirely clear.

[4] The Court obviously reviewed the Supplemental Declaration in order to determine whether to grant the application to file it under seal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

The Court declines to order attorneys' fees.

### CONCLUSION

For the above-stated reasons, the Application by Anthony Pellicano to File Supplemental Declaration of Steven F. Gruel Under Seal, Ex Parte and In Camera is denied. The subpoena duces tecum served on Verizon is quashed. Verizon is ordered not to respond to the subpoena. Mr. Pellicano and his counsel are ordered not to serve any further subpoenas for records of Mr. Connolly without the approval of this Court and notice to Mr. Connolly's counsel. Mr. Connolly's request for attorneys' fees is denied.

The Court makes further orders relating to the service of subpoenas on Mr. Pellicano's behalf in a separate order filed concurrently.

IT IS SO ORDERED.

Initials of Deputy Clerk _pdp__